UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Zurich American Insurance Company; American Zurich Insurance Company,

Plaintiffs,

-against-

XL Insurance America, Inc,

Defendant.

25-CV-5220 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

There are pending cross-motions for summary judgment in this case. Dkts. 21, 23. However, it's unclear to the Court that there's any live controversy. Zurich apparently wants XL to participate in settlement discussions in a pending state-court personal injury action, but it fails to identify what—if any—provision in XL's policy that XL is violating by not participating in those discussions. (There's no dispute between the parties that XL is providing excess insurance relative to Zurich's commercial general liability coverage.) For XL's part, it wants the Court to declare that Zurich should make the defendants in the state-court case (or their insurer) sue the state-court plaintiff's employer, because if they did, then maybe a separate employer-liability policy issued by one of Zurich's affiliates would kick in, and XL's policy wouldn't. The legal grounds for the Court to issue such a declaration? Totally unclear and unexplained by XL.

So here's how the Court will proceed. Both motions for summary judgment are denied without prejudice. Before renewing those motions, and on or before August 15, 2026, the parties should meet and confer in person, with lead counsel and their client's principal decisionmakers in attendance. Try to work things out in good faith. "Good faith" means actually listening to the other side's positions and trying cooperatively to see if there's a path forward that avoids further litigation. If those discussions are fruitless, then on or before September 15, 2026, the parties may renew their motions for summary judgment. Those motions must (1) identify the relief being sought, (2) identify the contractual or legal basis for that relief, including relevant caselaw that supports such relief (not just general appeals to "equity"), and (3) explain why this Court has jurisdiction to provide that relief, with citations to relevant federal authority demonstrating that this Court would have such jurisdiction. Each motion must be accompanied by a certification by lead counsel that the motion complies with counsel's obligations under Fed. R. Civ. P. 11.

The Clerk of Court is respectfully directed to terminate Dkts. 21 and 23.

SO ORDERED.

Dated: July 13, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge